# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SAMANTHA HURST,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| versus ) | **Case Number:** |
| ) | |
| **BURLINGTON COAT FACTORY,**) | |
| ) | |
| **Defendants.** ) | |

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et. seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). The plaintiff seeks payment for unpaid wages, overtime worked, and liquidated damages that she was deprived of due to the defendant's violations of the Fair Labor Standards Act. The plaintiff further seeks reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION & VENUE

1.  Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

2.  Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.  Upon information and belief, the defendant, Burlington Coat factory, is a foreign corporation who employed the plaintiff to labor for its benefit in this District.

4.  The cause of action set forth in this Complaint arose in this District.

## PARTIES

**A.   Plaintiff**

6.   The plaintiff, Samantha Hurst, is over the age of nineteen (19), is a resident of the State of Alabama, is currently a resident of Jefferson County, Alabama, and is a former employee of the defendant.

7.   During all times relevant to this Complaint, the plaintiff was an employee of the defendant and was subject to the full protection of the Fair Labor Standards Act.

8.   The plaintiff worked for the defendant exclusively within the State of Alabama.

**B.   Defendant**

9.   The defendant, Burlington Coat Factory, lists its principal office address as 1830 Route 130 North, in Burlington, New Jersey.  Upon information and belief, the defendant is a foreign business organization conducting business within the State of Alabama.

10.   The defendant is engaged in the business of operating retail clothing establishments.

11.   The defendant is engaged in interstate commerce for the purposes of the Fair Labor Standards Act.

12.   The defendant's gross sales are in excess of $500,000.00 per year.

13.   The defendant is considered an employer within the meaning of the Fair Labor Standards Act, 42 U.S.C. §203(d), and is not exempt under the Act.

## FACTUAL ALLEGATIONS

14.   The plaintiff, Samantha Hurst, is an adult resident of the State of Alabama, residing in Jefferson County.  The plaintiff left her employment

with the defendant in September of 2009 and worked for the defendant for a total of approximately four consecutive years.

15. The plaintiff is an employee who was engaged in interstate commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce.

16. The plaintiff has been employed by the defendant and she has not been paid for all of the hours she has worked.

17. The plaintiff has been classified as an exempt managerial employee with the title of Customer Service Manager from approximately January of 2009 through the end of her career with the defendant yet has not been allowed to exercise managerial discretion and has been paid an hourly rate rather than a salary.

18. Specifically, the plaintiff has done little more than operate a cash register during the term of her employment; among other things, she lacked the ability to hire and fire employees, she did not have meaningful input into the members of her staff who were hired or fired, she lacked the ability to set or adjust the pay rates of her staff, and she lacked control over her department's schedule.

19. During her time as Customer Service Manager, the plaintiff routinely worked more than forty hours each week yet she was only paid for forty hours each week.

20. Previous to her term as Customer Service Manager, as an hourly worked the plaintiff would regularly not be paid for time worked.

21. Specifically, the store manager would regularly reduce her hours and require the plaintiff to complete an "edit form" to more closely

reflect the hours she was scheduled rather than the hours she actually worked, presumably in an effort maintain the store's payroll within budget.

22. Additionally, the plaintiff has not received her last paycheck from the defendant for the hours she labored for the benefit of the defendant.

23. The defendant has willfully failed to comply with the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, specifically by failing to pay the plaintiff for the hours she has worked.

24. Further, the defendant has willfully failed to comply with the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, specifically by failing to pay the plaintiff at the premium overtime rate for each hour over forty each week she worked.

## COUNT ONE –
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25. The plaintiff realleges paragraphs 1 through 24 as though fully set forth herein.

26. The defendant has willfully failed to compensate the plaintiff for hours worked during a period of her employment.

27. The defendant, by such failure, has willfully violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206.

WHEREFORE, the plaintiff requests this Court to enter judgment in favor of the plaintiff and against the defendants for:

A. All amounts of wages that the plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b); and

B.	All reasonable costs and attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## COUNT TWO –

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

28.	The plaintiff realleges paragraphs 1 through 27 as though fully set forth herein.

29.	The defendant willfully failed to compensate the plaintiff at the premium overtime rate for all hours worked above forty in each week.

30.	The defendant, by such failure, has willfully violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, the plaintiff requests this Court to enter judgment in favor of the plaintiff and against the defendant for:

A.	All amounts of wages that the plaintiff should have received under the Fair Labor Standards Act but for the defendant's willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Acts, 29 U.S.C. § 216(b); and

B.	All reasonable costs and attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

Respectfully submitted,

s/Robert Barber
Robert Barber
Attorney for Plaintiffs
ASB-1046-R20B

                                        s/Brad Medaris
                                        Brad Medaris
                                        Attorney for Plaintiffs
                                        ASB-0538-O58M

<u>OF COUNSEL:</u>
Barber Law Group
421 Valley Avenue
Homewood, Alabama 35209
Phone:  (205) 940-2233
Fax:     (205) 942-0754
rbarber@birminghamattorney.com


**PLEASE SERVE DEFENDANT VIA REGISTERED MAIL AT THE FOLLOWING ADDRESSES:**

Burlington Coat Factory
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Burlington Coat Factory
7201 Aaron Aronov Drive
Fairfield, Alabama 35064